[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 8, 1997
The plaintiff Carole Graham brings this action in two counts, being the third and fourth counts of a complaint, which joins the CT Page 12512 claims of another plaintiff Natalie Berry in counts one and two within a single complaint.
Count three is brought against the defendant Transport International Pool, Inc. It claims that this defendant "is liable for damages caused by the operation of the vehicle pursuant to Section 14-154a of the Connecticut General Statutes." This statute provides as follows:
 Sec. 14-154a. Liability of owner for damage caused by rented or leased car. Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.
The count alleges that the defendant Transport International Pool, Inc. leased to the other defendant Hagerman Transport Service, Inc. "the aforesaid trailer." This trailer was drawn or propelled by a motor vehicle. See answer to request for admissions.
The complaint does not allege any mechanical or other defect in the trailer such as to set forth a direct action against the defendant in negligence or product liability. The allegations of negligence allege only that the operator, in seven ways, operated the vehicle negligently.
The issue presented by the defendant's motion for summary judgment is whether the lessor of a trailer. which is being drawn or propelled by a motor vehicle is liable for damage caused by the negligence of the operator under the provisions of General Statute § 14-154a.
This statute is in derogation of the common law and hence must be strictly construed. General Statute § 14-1(47) defines "motor vehicle" as follows: (47) motor vehicle means any vehicle propelled or drawn by nonmuscular power . . ." The statute then defines a number of exceptions, all of which are self propelled (aircraft, motor boats, etc.) each of which is self propelled by an internal or affixed energy source (motor or engine) which source is not in and of itself a motor vehicle. CT Page 12513
General Statute § 14-1(83) defines "trailer" as follows: "trailer" means any rubber-tired vehicle without motive power drawn or propelled by a motor vehicle." The plaintiff in her request for admissions admits that this trailer was without motor power and was drawn or propelled by a motor vehicle. There is no question but that the trailer was drawn by a "tractor" or "truck tractor" which is defined by General Statute § 14-1(81) as a motor vehicle.
Had the legislature determined that trailers were to be treated in the same fashion as are motor vehicles for the purposes of General Statute § 14-154a it would have so stated. This court cannot interpret a statute in such a fashion as to extend its application beyond that stated by the legislature. See Cook v. Collins Chevrolet, Inc., 199 Conn. 245
(1986).
The United States District Court. District of Connecticut, Case No. 3:95 CV716, Almaza v. Finney, et al., 2/28/97 interpreted this statute in identical circumstances and also determined that General Statute § 14-154a did not apply to a lessor of a trailer. This court, although not bound by that decision, is in complete agreement therewith.
For the reasons set forth herein the motion for summary judgment of the defendant Transport International Pool, Inc. is granted.
SULLIVAN, J.